# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MICHAELA F.[1]                                        Case No. 2:22-cv-1699

           Plaintiff,                          Morrison, J.
   v.                                          Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

           Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Michaela F. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled.  *See* 42 U.S.C. § 405(g).  Proceeding through counsel, Plaintiff presents one claim of error[2], which the Defendant disputes.   As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability should be **AFFIRMED**, because it is supported by substantial evidence in the administrative record.

## I.  Summary of Administrative Record

On March 25, 2019, Plaintiff filed an application for Supplemental Security Income ("SSI"), alleging she became disabled on March 25, 2019, based upon a combination of physical and mental impairments. After her claim was denied initially and upon reconsideration, Plaintiff requested an evidentiary hearing before an Administrative Law Judge ("ALJ").  Thereafter, a telephone hearing was held on November 19, 2020, before ALJ Noceeba Southern; wherein Plaintiff, represented by counsel, and a vocational

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.  *See* General Order 22-01.

[2] The one claim of error contains two arguments. For the confidence of the Court, the undersigned addresses each part separately.

expert (VE) testified. (Tr. 106-32). On December 3, 2020, the ALJ issued an adverse written decision, concluding that Plaintiff was not disabled.  (Tr. 85-100).

Plaintiff was born in 1977 and was 41 years old at the time her application was filed.  She graduated high school and has past relevant work as a home health aide.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "bipolar disorder, attention deficit hyperactivity disorder ("ADHD"); posttraumatic stress disorder ("PTSD"); fibromyalgia; allergic rhinitis with chronic allergic postnasal drainage and allergic conjunctivitis; degenerative disc disease of the cervical spine with cervicalgia; and carpal tunnel syndrome ("CTS"). (Tr. 88). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1.  Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work subject to the following limitations:

> She can perform no forceful grasping bilaterally.  She can frequently handle and finger bilaterally.  Additionally, she is unable to climb ladders, ropes, or scaffolds.  She must avoid concentrated exposure to pulmonary irritants such as odors, fumes, dusts, gases, and poorly ventilated areas.  Moreover, she can perform simple, routine, no more than Specific Vocational Preparation (SVP) 2-type tasks in an environment with no more than occasional change and with no more than occasional and superficial interaction with others.  Moreover, her work environment must not require calculations.

(Tr. 92). The ALJ concluded that based on Plaintiff's age, education, work experience, and RFC, a hypothetical individual would be able to perform the requirements of a significant number of jobs, including mail sorter, garment sorter, and marker. (Tr. 99) Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI.  *Id.*

The Appeals Council denied Plaintiff's request for review.  Therefore, the ALJ's decision stands as the Defendant's final determination.  On appeal to this Court, Plaintiff argues that the ALJ erred by not addressing her osteoarthritis in her ankles and feet at step two of the sequential evaluation process and then not properly evaluating whether that condition limited her ability to work. Upon close analysis, I conclude that Plaintiff's arguments are not well-taken.

### I.     Analysis

### A.  Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a).  Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence.   42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted).  In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial

evidence also exists in the record to support a finding of disability.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.*  (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy.  *See Combs v.  Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered an

impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job.  42 U.S.C. § 423(d)(1)(A).

### B. The ALJ's Decision is supported by Substantial Evidence

 Plaintiff first argues that the ALJ erred by not addressing her osteoarthritis in her ankles and feet at step two of the sequential evaluation process. For an impairment to be "severe," it must be expected to last more than 12 months and more than "minimally" affect a claimant's work ability. See 42 U.S.C. § 423(d)(1)(A); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) ("an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience").  More importantly, at step two, Plaintiff bears the burden of showing that her alleged impairments affect her more than minimally. *See Watters v. Comm'r of Soc. Sec.*, 2013 WL 3722099 at *2 (6th Cir. July 17, 2013) ("Although the standard is de minimis, the plaintiff still bears the burden of demonstrating that he suffers from a medically determinable . . . impairment.").  Plaintiff failed to show how this impairment affects her more than minimally.

Regardless, even if Plaintiff had met her burden, the ALJ found that Plaintiff had at least one severe impairment and then properly proceeded to the third step of the evaluation process. (Tr. 89). *Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010) ("As long as the ALJ determines that the claimant has one severe impairment, the ALJ will proceed to the remaining steps of the evaluation process."). In other words, "[b]ecause the ALJ found that [Plaintiff] had a severe impairment at step two of the analysis, the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence." *Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir.

2003); see also *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (where the ALJ found that claimant had a severe impairment, "[t]he fact that some of [claimant's] impairments were not deemed to be severe at step two is [] legally irrelevant."). Plaintiff argues that the ALJ erred by not finding this impairment to *either* be severe or non-severe. However, because the ALJ found at least one severe impairment and then properly proceeded to step three, the Court finds any error to be harmless.

Plaintiff next argues that the ALJ erred by not properly evaluating whether the osteoarthritis in her ankles and feet limited her ability to work.  In support of her assertion that the ALJ failed to properly evaluate her osteoarthritis, Plaintiff contends that objective imaging (x-rays) displayed moderate metatarsus adductus bilaterally, posterior enthesopathy of the left talus, and mild arthritis in the ankle joint. (Tr. 808). Dr. Belpedio diagnosed primary osteoarthritis in the bilateral ankles and feet; left ankle contracture; and left leg peroneal tendinitis. (Tr. 809). The record reflects ongoing reports of pain in her bilateral lower extremities. (Tr. 801). Examinations revealed reduced strength in her bilateral lower extremities. (Tr. 549, 553, 557, 561, 565, 569).  Plaintiff argues that despite this evidence, the ALJ failed to consider this impairment in relation to the RFC.

As noted by the Commissioner, in assessing Plaintiff's functional capacity and determining that the record did not support additional limitations beyond those in the RFC finding, the ALJ considered Plaintiff's statements, including her allegations of lower extremity pain. (Tr. 94). See 20 C.F.R. § 416.929(a) (ALJs consider a claimant's subjective complaints). The ALJ also considered the objective medical evidence, including clinical and diagnostic findings relating to Plaintiff's lower extremities. (Tr. 95, citing Tr. 549, 808). See 20 C.F.R. § 416.929(a) (ALJs consider objective evidence,

including medical signs and laboratory findings).  The ALJ expressly considered the x-ray results that Plaintiff references. (Tr. 95, citing Tr. 808). To the extent that the ALJ did not expressly discuss each and every finding indicated in the x-ray study, she was not required to do so. *See Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) ("an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite to specific evidence does not indicate that it was not considered."). Notably, the ALJ discussed that the x-ray indicated only mild arthritis and no acute findings. (Tr. 95, citing Tr. 808).  The ALJ also took into account that Plaintiff attended therapy, including for lower extremity pain. (Tr. 94, citing Tr. 553- 74, 601-22). See 20 C.F.R. § 416.929(c)(3)(v) (treatment is a factor considered by ALJs).

In addition, the ALJ's RFC assessment expressly took into account that Plaintiff experienced reduced strength in her bilateral lower extremities. (Tr. 95, citing Tr. 549). The ALJ discussed that medical records from June 2019 indicated that Plaintiff experienced -4/5 and 4/5 weakness in the lower extremities. (Tr. 95, citing Tr. 549). However, the ALJ also noted that Plaintiff experienced full strength at other times. (Tr. 95, citing Tr. 808). The ALJ's consideration of the clinical findings is sufficient to determine that the record did not support additional limitations beyond those included in the RFC assessment.

Furthermore, the ALJ found persuasive the prior administrative medical findings of Dr. Green and Dr. Bolz, and that their findings supported the ALJ's physical RFC determination. (See Tr. 92, 96, 161-62, 171-72). Significantly, those doctors were able to review and consider the x-ray evidence that Plaintiff references. (See Tr. 159).  Plaintiff also fails to explain why the x-ray evidence requires greater limitations beyond those

found by the state agency reviewing physicians and the ALJ, nor does she specify what those limitations, if any, should be. Plaintiff also does not argue that the ALJ's reliance on the medical findings of Dr. Green and Dr. Bolz was in error.

Plaintiff fails to demonstrate that the evidence required the ALJ to find additional limitations in the RFC finding beyond those the ALJ determined were supported by the record. *See Christian S. v. Kijakazi,* No. 2:20-CV-5341, 2022 WL 124011 (S.D. Ohio Jan. 13, 2022) ("Plaintiff does not point to, and it is not apparent from the record that there are any functional limitations attributable to his cervical, thoracic, and lumbar radiculopathy that the ALJ failed to consider."). Accordingly, the undersigned finds that substantial evidence supports the ALJ's decision. See *Longworth v. Comm'r of Soc. Sec*, 402 F.3d 591, 595 (6th Cir. 2005) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.").

### III. Conclusion

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED**, and that this case be **CLOSED**.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MICHAELA F.                                          Case No. 2:22-cv-1699

               Plaintiff,                      Morrison, J.
     v.                                            Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

               Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).